21077

The STATE of South Carolina, ex relatione, Daniel R. McLEOD, Attorney General, South Carolina Commission for the Blind, and Evelyn Hydrick, as a representative of a class of the former members of the Association of the Blind of South Carolina, Inc., Petitioners, of whom Evelyn Hydrick is Appellant, and the State of South Carolina and the South Carolina Commission of the Blind are Respondents, v. The SOUTH CAROLINA AURORA CLUB OF THE BLIND, INC., Defendant-Respondent.

(259 S. E. (2d))

*T. Travis Medlock* of *Medlock & Davis,* Columbia, *for Appellant.*

*Asst. Atty. Gen. Clyde H. Jones, Jr., for Respondents State of South Carolina* and the *South Carolina Commission for the Blind.*

*Eugene F. Rogers,* of *Rogers, McDonald, McKenzie, Fuller & Rubin,* Columbia, *for Respondent South Carolina Aurora Club of the Blind, Inc.*

November 6, 1979.

LITTLEJOHN, Justice:

In this action, Daniel R. McLeod on his relation as Attorney General for South Carolina, and the South Carolina Commission for the Blind (a state agency), and Evelyn Hydrick, as representative of a class of the former members of the Association of the Blind of South Carolina, Inc. (now dissolved), joined forces as plaintiffs and filed a complaint against the South Carolina Aurora Club of the Blind, Inc. (an eleemosynary corporation) to settle a dispute concerning entitlement to approximately $47,000.00. This money represents assets formerly belonging to the South Carolina Association of the Blind, Inc., which were transferred by its board of directors to the South Carolina Aurora Club of the Blind, Inc., in 1973. The dispute focuses on the propriety of the gift to the Aurora Club rather than to the South Carolina Commission for the Blind.

Initially, the Attorney General represented all of the plaintiffs and it appeared that their interests were identical. At a pretrial hearing, the Attorney General, on behalf of the State and on behalf of the South Carolina Commission for the Blind, reached a settlement of their differences with the Aurora Club. Evelyn Hydrick, representing the class, objected to the proposed settlement. When it developed that there was a possible conflict of interest, or at least of contentions between the plaintiffs, the Attorney General obtained an order requiring that Mrs. Hydrick show cause why he should not be permitted to withdraw as her counsel. He asked that the

action not be dismissed as to her until after arguments on the show cause rule.

Notwithstanding the contentions of the Attorney General, the lower court issued an order approving the settlement and dismissing the case outright, without prejudice to Mrs. Hydrick to proceed in another action. She has appealed, alleging that the court took action adverse to her interests without giving her an opportunity to be heard, and alleging that the court erred in dismissing the action. We agree.

After the Attorney General agreed upon a settlement on behalf of the State and on behalf of the Commission of the Blind, which was contrary to Mrs. Hydrick's position, he very properly sought to be relieved of representing her. We hold that the judge erred in dismissing the action without giving her an opportunity to procure her own counsel and to have her day in court. She now has her own attorney, and we relieve the Attorney General from representing her.

In light of the developments, a realignment of the parties is in order. Mrs. Hydrick, representing a class, now becomes the moving party and all others become defendants. We do not approve or disapprove the settlement. Mrs. Hydrick is at liberty to attack the same in her pleadings. She shall have 20 days from the handing down of the remittitur in which to file an amended complaint, seeking relief against any or all of the parties as she may be advised. Thereafter, her adversaries shall have 20 days in which to answer.

Reversed and remanded.

LEWIS, C. J., and NESS, RHODES and GREGORY, JJ., concur.